# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION                                                      MDL No. 2741

## TRANSFER ORDER

**Before the Panel**:  Movant Brian Webb, a plaintiff in an action pending in MDL No. 2741,[1] seeks transfer of the District of Delaware *Gilmore* action to MDL No. 2741 under 28 U.S.C. § 1407(c).  Plaintiffs in a Missouri state court action (*Tomlinson*), who have moved to intervene in *Gilmore*, support the motion to transfer.  Plaintiffs in *Gilmore* and defendant Monsanto Company oppose the motion.

As an initial matter, the opposing parties argue that movant lacks standing to seek transfer of *Gilmore* because movant, while a party to MDL No. 2741, is not a party to *Gilmore*.  *See* 28 U.S.C. § 1407(c)(ii) ("Proceedings for the transfer of an action under this section may be initiated by . . . motion filed with the panel by a party in any action in which transfer for coordinated or consolidated pretrial proceedings under this section may be appropriate.").  This argument is not well taken for two reasons.  First, the opposing parties rely upon an overly narrow reading of 28 U.S.C. § 1407(c)(ii).  *See In re Cable Tie Patent Litig.*, 487 F. Supp. 1351, 1353 n.3 (J.P.M.L. 1980) (quoting *In re Equity Funding Co. of Am. Sec. Litig.*, 375 F. Supp. 1378, 1380 n.4 (J.P.M.L. 1974).  More importantly, 28 U.S.C. § 1407(c)(i) authorizes the Panel to transfer an action "upon its own initiative."  Panel hearing orders—including the order setting the motion to transfer *Gilmore* for our consideration—uniformly provide that "the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters [listed on the hearing order] to any district or districts."  *See* Hearing Order at 3, MDL No. 2741 (J.P.M.L. Aug. 13), ECF No. 2427.  The hearing order thus renders the standing argument moot.

Turning to the merits of the motion, the proponents of transfer argue that a proposed class settlement in *Gilmore*—an economic loss consumer class action—will directly impact plaintiffs and claims in MDL No. 2741, which primarily involves personal injury actions.  They contend that the proposed class settlement operates to release a significant portion of claims in the MDL actions.  They also argue that the *Gilmore* parties are seeking an order that would stay litigation related to the claims covered by the potential settlement, including claims in the MDL.  Additionally, they characterize the proposed settlement in *Gilmore* as an "end run" around the

---

[1] *See Webb v. Monsanto Co.*, C.A. No. 3:20-05624 (N.D. Cal).

- 2 -

transferee judge, who recently denied a proposed class settlement of future personal injury claims in MDL No. 2741.

The opponents of transfer emphasize that the proposed settlement only releases claims seeking economic damages based on alleged overcharges for Roundup products and expressly excludes from the release any claims for personal injury and medical monitoring, which constitute the bulk of the MDL. Opponents argue that the settlement rejected by the transferee court in MDL No. 2741 was significantly different because it addressed future personal injury claims and thus entailed concerns (such as latent personal injuries and the effectiveness of notice) not presented by the consumer class settlement in *Gilmore*. Opponents also argue that the procedural posture of the economic loss litigation, which according to the parties has been progressing in various courts for at least two years, weighs against transfer, as it would delay approval of the class settlement and the provision of monetary benefits to the class with no corresponding efficiency benefit.

This motion admittedly presents a close question. After considering the parties' arguments, we are persuaded that *Gilmore* involves common questions of fact with the actions transferred to MDL No. 2741, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the Northern District of California was an appropriate Section 1407 forum for actions sharing factual questions arising out of allegations that Monsanto's Roundup herbicide, particularly its active ingredient, glyphosate, causes non-Hodgkin's lymphoma (NHL). *See In re Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016). *Gilmore* involves many of the same factual questions regarding the alleged toxicity of Roundup, its potential to cause NHL,[2] and Monsanto's failure to disclose this in its marketing. The opponents of centralization argue that, as a result of the proposed class settlement, there will be no common factual or legal issues to coordinate. This presupposes that the proposed class settlement will be approved. We are not in a position to predict the outcome of the *Gilmore* parties' motion for preliminary approval of the settlement. The complaint, on its face, raises common factual questions regarding the safety of Roundup and falls within the MDL's ambit.

The opposing parties rely heavily on prior Panel orders in which we have declined to transfer actions with pending settlements. *See, e.g., In re HSBC Tel. Conversation Recording Litig.*, 140 F. Supp. 3d 1356, 1356–57 (J.P.M.L. 2015) (denying motion to transfer where motion

---

[2] Monsanto argues that the *Gilmore* complaint alleges that Roundup causes cancer, generally, and therefore is not sufficiently similar to the MDL actions to warrant transfer. As we recently stated in another order in this docket, "we have never held that MDL No. 2741 is limited to actions that allege *only* injury from NHL or similar hematopoietic cancers. Rather, we have excluded actions from this MDL that do not allege those injuries *at all*." Order Denying Mot. for Recons. at 1, MDL No. 2741 (J.P.M.L. Apr. 1, 2021), ECF No. 2252. *Gilmore* clearly encompasses NHL and other similar cancers. Where the actions arise from a common factual core, the presence of additional facts or differing legal theories is not a significant obstacle to centralization. *See In re New England Compounding Pharmacy, Inc., Prods. Liab. Litig.*, 38 F. Supp. 3d 1384, 1385–86 (J.P.M.L. 2014).

- 3 -

for preliminary approval of class settlement was pending). Those orders generally involved motions to create a new MDL proceeding. In contrast, movant here seeks transfer of *Gilmore* because the proposed settlement allegedly may compromise claims being litigated in an existing MDL. Our prior precedent is less applicable to such a situation.

Transfer in this instance likely will result in significant added efficiencies. The transferee judge is best placed to determine whether the proposed *Gilmore* class settlement will affect the actions and claims in the MDL. The transferee court has overseen this litigation since 2016, shepherding the parties through discovery and presiding over a bellwether trial. The transferee judge thus has great familiarity with the parties, the issues presented by the Roundup litigation, and past attempts to resolve various aspects of the litigation through settlement. The Delaware court, in contrast, lacks this experience and would have to invest significant time and resources to decide the pending motion for preliminary approval of the *Gilmore* settlement. While transfer may entail some initial delay, the overall interests of justice and efficiency will be enhanced. Transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

We acknowledge that transferring *Gilmore* introduces new types of claims to MDL No. 2741, which heretofore has involved predominantly personal injury claims. But we often have centralized personal injury actions with consumer class actions. *See, e.g., In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prods. Liab. Litig.*, 363 F. Supp. 3d 1378, 1381–82 (J.P.M.L. 2019) (centralizing consumer claims for economic damages with personal injury claims). The transferee judge has the discretion to employ separate tracks or other appropriate pretrial management techniques to address the unique issues presented by *Gilmore*. *See In re Proton-Pump Inhibitor Prods. Liab. Litig. (No. II)*, 261 F. Supp. 3d 1351, 1354–55 (J.P.M.L. 2017). And should the transferee judge determine that the continued inclusion of *Gilmore* is not warranted, he can suggest remand with a minimum of delay. *See* Panel Rules 10.1–10.3.

Finally, we note that, prior to *Gilmore*, no party had noticed any consumer class action involving Roundup as a potential tag-along in MDL No. 2741, even though several related actions purportedly have been pending in federal courts for at least two years.[3] Panel Rule 7.1(a) requires "[a]ny party or counsel in actions previously transferred under Section 1407" to "promptly notify the Clerk of the Panel of any potential tag-along actions in which that party is also named or in which that counsel appears." As discussed, *Gilmore* implicates several common factual questions regarding the safety of Roundup products. Accordingly, counsel for Monsanto is directed to notice as potential tag-along actions in MDL No. 2741 any pending federal actions that involve claims related to *Gilmore* and the common factual questions in MDL No. 2741.

---

[3] The proposed class action settlement agreement lists several such actions as related to *Gilmore*. *See* Am. Class Action Settlement Agreement at 6, § A(46), attached as Exhibit A to Monsanto's Opposition Brief, MDL No. 2741, ECF No. 2438-1.

- 4 -

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Vince Chhabria for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that counsel for Monsanto shall, within fourteen days of this order, notify the Panel of any potential tag-along actions that present similar claims and issues as in *Gilmore*.

PANEL ON MULTIDISTRICT LITIGATION

*Karen K. Caldwell*
Karen K. Caldwell
Chair

Catherine D. Perry          Nathaniel M. Gorton
Matthew F. Kennelly         David C. Norton
Roger T. Benitez            Dale A. Kimball

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.

ATTEST:
Clerk, U.S. District Court
Northern District of California

by: W. Noble
Deputy Clerk

Date: 10/08/2021

**IN RE: ROUNDUP PRODUCTS**
**LIABILITY LITIGATION**                                    MDL No. 2741

## SCHEDULE A

<u>District of Delaware</u>

GILMORE v. MONSANTO COMPANY, C.A. No. 1:20−01085