Patrick J. Stueve, Mo. Bar #37682
Todd E. Hilton, Mo. Bar #51388
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
stueve@stuevesiegel.com
hilton@stuevesiegel.com

Don M. Downing, Mo. Bar #30405
Gretchen Garrison, Mo. Bar #33963
Cort A. VanOstran, Mo. Bar #67276
GRAY, RITTER & GRAHAM, P.C.
701 Market Street, Suite 800
St. Louis, Missouri 63101
Telephone: (314) 241-5620
ddowning@grgpc.com
ggarrison@grgpc.com
cvanostran@grgpc.com

*Attorneys for Proposed Intervenors*
*Ryan Tomlinson and Carol Richardson*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT GILMORE, et al.<br><br>      Plaintiffs,<br><br>vs.<br><br>MONSANTO COMPANY,<br><br>      Defendant. | MDL No. 2741<br><br>Case No. 3:21-cv-08159-VC<br><br>**NOTICE OF MOTION AND MOTION FOR INTERVENTION**<br><br>Date: January 6, 2022<br>Time: 10:00 a.m.<br>Place: Via Zoom Webinar<br>Judge: Hon. Vince G. Chhabria |

**TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that on January 6, 2022, at 10:00, via Zoom Webinar ID: 161 285 7657, Password: 547298,[1] Proposed Intervenors Ryan Tomlinson and Carol Richardson ("Proposed Intervenors" or "*Tomlinson* plaintiffs") move this Court for an order granting their Motion for Intervention in this action for purposes of opposing the parties' Joint Motion for Suggestion of Remand to the United States District Court for the District of Delaware.

Proposed Intervenors further move (1) to be heard at the January 6, 2022, hearing on their Motion for Intervention and on the pending Motion for Suggestion of Remand (Dkt. No. 70), and (2) that their opposition to the Motion for Suggestion of Remand (attached as an exhibit hereto) be deemed filed upon grant of intervention.

The Motion will be based on this Notice and Motion, the Memorandum of Points and Authorities below, and the Proposed Order submitted herewith.

Dated: December 14, 2021                                    Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

/s/ *Patrick J. Stueve*
Patrick J. Stueve, Mo. Bar #37682
Todd E. Hilton, Mo. Bar #51388
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
stueve@stuevesiegel.com
hilton@stuevesiegel.com

---

[1] Proposed Intervenors have concurrently moved for shortened time pursuant to Civil Local Rule 6-3, and seek to be heard on January 6, 2022.

**GRAY, RITTER & GRAHAM, P.C.**
Don M. Downing, Mo. Bar #30405
Gretchen Garrison, Mo. Bar #33963
Cort A. VanOstran, Mo. Bar #67276
701 Market Street, Suite 800
St. Louis, Missouri 63101
Telephone: (314) 241-5620
ddowning@grgpc.com
ggarrison@grgpc.com
cvanostran@grgpc.com

*Attorneys for Proposed Intervenors*
*Ryan Tomlinson and Carol Richardson*

**TABLE OF CONTENTS**

INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED ................................... 1

FACTUAL BACKGROUND ........................................................................................................ 2

    A.  Monsanto Faces Significant Liability in the *Tomlinson* Action. ............................. 2

    B.  Gilmore's Counsel Pursued Failed Cases Against Retailers. .................................. 2

    C.  Gilmore Filed Suit in Delaware and Quickly Settled with Monsanto. .................... 3

    D.  The Settlement Largely Benefits Monsanto, *Gilmore* Plaintiffs and Counsel.......................... 4

    E.  The JPML Transferred *Gilmore* to this MDL. ............................................................ 6

ARGUMENT .................................................................................................................................. 6

    A.  Criteria for Intervention as of Right Are Satisfied.................................................... 6

        1.  *Tomlinson* plaintiffs' application is timely. ....................................................... 7

        2.  *Tomlinson* plaintiffs have a significantly protectable interest that will be impeded without intervention. .................................................................................. 8

        3.  *Tomlinson* plaintiffs' interests are not adequately represented.......................... 8

    B.  Criteria for Permissive Intervention Are Satisfied.................................................... 9

CONCLUSION............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

Cases

*Arena v. Intuit Inc.*,
  2020 WL 7342716 (N.D. Cal. Dec. 14, 2020) .............................................................................. 9

*Barnes v. JFK Mem'l Hosp., Inc.*,
  2018 WL 10911887 (C.D. Cal. July 31, 2018) .......................................................................... 10

*Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*,
  712 F.3d 1349 (9th Cir. 2013) .................................................................................................... 9

*California Dump Truck Owners Ass'n v. Nichols*,
  275 F.R.D. 303 (E.D. Cal. 2011) ................................................................................................ 8

*California Parents for Equalization of Educ. Materials v. Torlakson*,
  2018 WL 3930141 (N.D. Cal. Aug. 16, 2018) ........................................................................... 9

*Ceja-Corona v. CVS Pharmacy, Inc.*,
  No. 1:12-CV-01868-AWI, 2014 WL 792132 (E.D. Cal. Feb. 26, 2014) ................................. 10

*Cullan & Cullan LLC v. M-Qube, Inc.*,
  2014 WL 347034 (D. Neb. Jan. 30, 2014) .................................................................................. 9

*Custom LED, LLC v. eBay, Inc.*,
  2013 WL 4552789 (N.D. Cal. Aug. 27, 2013) ........................................................................... 5

*Diaz v. Tr. Territory of Pac. Islands*,
  876 F.2d 1401 (9th Cir. 1989) .................................................................................................... 8

*E.E.O.C. v. Nat'l Children's Ctr., Inc.*,
  146 F.3d 1042 (D.C. Cir. 1998) ................................................................................................ 10

*Foundation Auto Holdings, LLC v. Weber Motors, Fresno, Inc.*,
  2021 WL 5822933 (E.D. Cal. Dec. 8, 2021) .............................................................................. 7

*Friant Water Auth. v. Jewell*,
  2014 WL 5325352 (E.D. Cal. Oct. 17, 2014) ............................................................................. 8

*Glass v. UBS Fin. Servs., Inc.,*
  2007 WL 474936, n.1 (N.D. Cal. Jan. 17, 2007) ........................................................................ 8

*Hilsley v. Gen. Mills, Inc.*,
  2021 WL 2290782 (S.D. Cal. June 4, 2021) ............................................................................ 10

*Idaho Farm Bureau Fed'n v. Babbitt*,
  58 F.3d 1392 (9th Cir. 1995) .................................................................................................. 7

*League of United Latin Am. Citizens v. Wilson*,
  131 F.3d 1297 (9th Cir. 1997) ................................................................................................ 7

*N. Am. Meat Inst. v. Becerra*,
  420 F. Supp. 3d 1014 (C.D. Cal. 2019) .................................................................................. 9

*Nat. Res. Defense Council v. McCarthy*,
  2016 WL 6520170 (N.D. Cal. Nov. 3, 2016) ......................................................................... 7

*Plubell v. Merck & Co., Inc.*,
  289 S.W.3d 707 (Mo. App. W.D. 2009) ................................................................................. 2

*S. California Healthcare Sys., Inc. v. City of Culver City*,
  2021 WL 4817846 (C.D. Cal. July 26, 2021) ......................................................................... 9

*Smith v. L.A. Unified Sch. Dist.*,
  830 F.3d 843 (9th Cir. 2016) .............................................................................................. 6, 7

*Sw. Ctr. for Biological Diversity v. Berg*,
  268 F.3d 810 (9th Cir. 2001) .............................................................................................. 8, 9

*Trbovich v. United Mine Workers*,
  404 U.S. 528 ........................................................................................................................... 8

*United States v. Alisal Water Corp.*,
  370 F.3d 915 (9th Cir. 2004) .................................................................................................. 7

*Wilderness Soc'y v. U.S. Forest Serv.*,
  630 F.3d 1173 (9th Cir. 2011) ................................................................................................ 6

Statutes

Del. Code ann., tit. 6, § 2512 ........................................................................................................ 3

Rules

Fed .R. Civ. P. 24 ..................................................................................................................... 8, 9

## **INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED**

Ryan Tomlinson and Carol Richardson are representative plaintiffs in a class action against Monsanto pending in Missouri and asserting violations of the Missouri Merchandising Practices Act ("MMPA"). Facing unsuccessful resistance to certification, and significant liability at trial, Monsanto went around *Tomlinson* and negotiated settlement with parties and counsel incentivized to accept a bargain deal rife with red flags of reverse auction and inadequate representation. Much as occurred in this MDL, Monsanto targeted a case with little prior activity, stipulated to amended complaint, and contemporaneously sought preliminary approval of global settlement. This newly proposed settlement covers anyone who "purchased [Roundup] Products … other than for resale or distribution." JPML Dkt. No. 2437, Ex. A at § A (52) ("Am. Sett. Agrmt."). For bargain price, Monsanto obtains release of all economic-loss claims of all purchasers of covered Roundup products including *Tomlinson* class members and MDL plaintiffs against itself and vast array of other persons and entities. Plaintiffs' counsel obtains a clear-sailing provision for an astonishing fee request despite the fact that prior to suing in Delaware they had, in the main, pursued failed cases not against Monsanto but retailers. *Gilmore* plaintiffs anticipate a $5,000 service award, although all but two had never before sued Monsanto and none but Mr. Gilmore were named parties prior to settlement.

Monsanto attempted, but ultimately failed, to keep *Gilmore* out of the MDL — away from other MDL litigants and the Court most familiar with Roundup litigation. It and *Gilmore* plaintiffs want to go back to Delaware. *Tomlinson* plaintiffs seek intervention to oppose that effort (*see* proposed Brief in Opposition to Suggestion of Remand, attached as Exhibit 1). *Tomlinson* plaintiffs (and the class they represent) are directly affected by the proposed settlement and have a stake in where preliminary approval is determined.

**FACTUAL BACKGROUND**

A.   **Monsanto Faces Significant Liability in the *Tomlinson* Action.**

*Tomlinson* has been ongoing since 2019. The MMPA provides for class actions and Missouri law is favorable to certification. *Gilmore v. Monsanto Company*, now Case No. 3:21-cv-8159-VC (N.D. Cal.) ("*Gilmore*") Dkt. No. 41-1 at 84–86. *Tomlinson* plaintiffs moved for certification in July 2020, which Monsanto opposed. *Id.*, Dkt. No. 44, at ¶¶ 4–6. Over vigorous opposition, *Tomlinson* plaintiffs were granted certification of a class of "all Missouri residents who purchased Roundup for personal, family, or household use." *Id*. at ¶¶ 3–6. Monsanto sought both reconsideration of the trial court's order and permission for interlocutory appeal to Missouri's Western District Court of Appeals. *Id*. at ¶¶ 7–8. When those avenues failed, it sought a writ of prohibition from the Missouri Supreme Court (*id*. at ¶ 9), which also failed. The MMPA requires neither reliance nor that unlawful conduct cause a purchase. *Plubell v. Merck & Co., Inc*., 289 S.W.3d 707, 714 (Mo. App. W.D. 2009). Monsanto faces significant liability for both compensatory and punitive damages. Dkt. No. 41-1, Am. Pet. at ¶¶ 87–89.

B.   **Gilmore's Counsel Pursued Failed Cases Against Retailers.**

While *Tomlinson* thrived, cases being pursued by Gilmore's counsel, all but one *against retailers*, were floundering. Mr. Gilmore, who first sued Monsanto in Oregon, Case No. 3:19-cv-01123-SB (D. Ore.), Dkt. No. 1, abandoned that case.[2] Of the other plaintiffs proposing to represent the putative settlement class, only one (Ezcurra) had previously sued Monsanto. Everyone else sued retailers. S*ee* Motion for Suggestion of Remand at 9 & n.2 (listing cases); Dkt.

---

[2] Gilmore initially asserted claims on behalf of himself and other purchasers in Oregon (*id*. at ¶¶ 22, 65, 80) later expanded to nationwide scope. He sought full refund (or alternatively, statutory damages) and punitive damages. *Id*. at ¶¶ 98–99, 103; *see also* Dkt. No. 34 at ¶¶ 123–24, 128. Other than the initial, and an amended, complaint, the docket reveals no litigation activity other than voluntary dismissal without responding to Monsanto's motion to dismiss. Dkt. No. 42.

2

No. 25 at 14–15) (same). Some of these retailer cases were dismissed on the merits (based on lack of sufficient allegations of retailer participation in wrongful conduct and/or state-specific legal grounds) followed by pleading amendment and voluntary dismissal after a new motion by the retailer.[3] Some were voluntarily dismissed without even responding to a dismissal motion.[4] Mr. Ezcurra's action against Monsanto in Florida was dismissed based on the Florida consumer act's safe harbor provision. Case No. 9:20-cv-80524-DMM (S.D. Fla.), Dkt. No. 63 at 4–10.[5]

### C. Gilmore Filed Suit in Delaware and Quickly Settled with Monsanto.

On August 19, 2020, about a month after this Court first rejected global settlement in the MDL, Mr. Gilmore filed an action in Delaware, asserting a single claim under the Delaware Consumer Fraud Act, limited to wrongful practices occurring within that state. Del. Code ann., tit. 6, § 2512. Gilmore asserted this claim, on a nationwide basis, although he neither lives, nor purchased Roundup, in Delaware. Like most if not all plaintiffs in this MDL, he alleges that "Monsanto was and is aware Roundup® has the potential to cause users to develop cancer" but "failed to convey this information to consumers[.]" Dkt. No. 14, First Am. Compl. at ¶¶ 2, 6. He

---

[3] *Weeks v. Home Depot U.S.A., Inc.*, No. 2:19-cv-06780-FMO-AS (C.D. Cal.), Dkt. Nos. 65, 77 *Hanna et al. v. WalMart Inc.*, No. 5:20-cv-01075 (C.D. Cal.), Dkt. Nos. 39, 41,47; *Taylor v. Costco Wholesale Corp*, No. 20-cv-00655-KJM-DMC (E.D. Cal.), Dkt. Nos. 22, 23, 24, 33; *Williams v. Lowe's Home Ctrs.*, No. 5:20-cv-01356 (C.D. Cal.), Dkt. Nos. 14, 17, 18, 28.

[4] *Jewell et al. v. Walmart, Inc.*, No. 4:19-cv-04088 (W.D. Ark.), Dkt. Nos. 27, 33, 37–40; *Boyette et al v. Lowe's Cos., Inc.*, No. 4:19-cv-04119 (W.D. Ark.), Dkt. No. 29.

[5] Monsanto and *Gilmore* plaintiffs also list cases in Florida and California state courts. Three were dismissed voluntarily. *See* Dkt. No. 25 at 50–53 (description of "Related Cases"). Four were removed and remanded with no (or scant) activity thereafter. *See Lamerson v. Walmart Stores, Inc.*, No. 50-2019-CC-009139 (Cty. Ct. 15th Cir. Palm Beach Cty., Fl.) (most recent activity Mar. 1, 2021 dismissal for lack of activity after denying remand reconsideration); *Shelly v. Target Corp.*, No. 50-2019-CC-010718 (Cnty. Ct. 15th Cir. Palm Beach Cty., Fl.) (most recent activity Oct. 2, 2019, copy of remand order); *Biddle v. Lowe's Home Ctrs. LLC*, No. 2019-cc-011405 (Cnty. Ct. 15th Cir. Palm Beach Cty., Fl.) (most recent activity Nov. 7, 2019 noting remand order); *Morley v. Ace Hardware Corp.*, No. CONO-19-010648 (Cnty. Ct. 17th Cir. Broward Cnty., Fla.) (most recent activity Nov. 18, 2019 notice of removal).

3

made numerous allegations about glyphosate, scientific and regulatory determinations, and Monsanto's efforts to manipulate messaging around Roundup's safety. *Id*. at ¶¶ 30–59, 84–92. Gilmore did not seek punitive damages notwithstanding extensive allegations of wrongful conduct and the fact that he had previously done so in Oregon. He also asserted a "price premium" damages theory whereas before, he sought full refund of purchase price. *See supra* n. 1.

Despite obligation to do so, Monsanto did not notify the JPML of this potential tag-along action. Within a month, Monsanto and Gilmore's counsel hired a mediator. *See* Dkt. No. 27 at ¶ 4. Without any discovery in the case, mediation occurred on February 16, 2021, with settlement in principle reached the same day. *Id.* at ¶ 6; Dkt. No. 26 at ¶ 14. Although Monsanto sought stays in Missouri in connection with its April 2021 motions for reconsideration and interlocutory appeal, it did not advise *Tomlinson* plaintiffs or Missouri courts that settlement in principle had occurred or was even being discussed. Dkt. No. 44 at ¶¶ 7–8, 31. A settlement agreement was executed on June 9, 2021 (Dkt. No. 26 at ¶ 15), not only by Mr. Gilmore but James Weeks, Paul Taylor, Sherry Hanna, Amanda Boyette, Julio Ezcurra, Anthony Jewell, and Kristy Williams, who were not then parties to the action. Dkt. No. 26-1 (Sett. Agrmt.). All but one (Ezcurra) had not even previously sued Monsanto. They were added by post-settlement amendment to which Monsanto stipulated. Dkt. Nos. 21, 22. Like Gilmore, none live, or purchased Roundup, in Delaware. Dkt. No. 22, ¶¶ 13-20, 109, 113, 116, 119, 122, 125, 128, 131. Three days later, they moved for certification of a nationwide class and for preliminary settlement approval. Dkt. Nos. 24, 25.

### D. The Settlement Largely Benefits Monsanto, *Gilmore* Plaintiffs and Counsel.

The proposed settlement is a bargain deal for Monsanto. It is on a claims-made basis, with Monsanto's exposure capped at a ceiling of $45 million with a floor of $23 million, a small fraction

4

of potential liability to a nationwide class.[6]  Regardless of how much Monsanto ends up paying class members, it agrees to a fee request of 25% of the ceiling amount ($11.25 million) which, at floor level, represents *49%* of funds otherwise available for claimants. Am. Sett. Agrmt. at § F.1. Monsanto also agrees to support *Gilmore* counsel in arguing that failed work in other (principally retailer) cases, "is appropriately considered" in assessing reasonableness of the fee. *Id.* at § F.2. *Gilmore* plaintiffs anticipate a $5,000 service award each, although none but Gilmore were parties prior to settlement, most had previously sued retailers, and all had failed in prior actions.

The settlement would release all claims (against Monsanto, distributors, sellers, and others acting on its behalf) other than personal injury and medical monitoring "regardless of legal theory" related to misleading statements or omissions and any "economic loss or injury" pertaining to carcinogenicity or any other health effects of Roundup Products. *Id.* at § L.1. This would eliminate economic-injury claims of *Tomlinson* plaintiffs, Missouri class members, and all other purchasers of Roundup lawn and garden products in this MDL. *See id.* at § A (45) & Ex. A (listing "Products"). Monsanto, joined by *Gilmore* plaintiffs, also sought not only to enjoin actions or proceedings, in any jurisdiction, relating to released claims, but to enjoin class members from pursuing, participating in, or benefitting from any action relating to released claims, "or the facts and circumstances relating thereto." Dkt. No. 24-1, Proposed Order at ¶ 17 (b).

---

[6] In Delaware, *Gilmore* plaintiffs did not provide information on expected recovery at trial, strongly required by courts in this state. N.D. Procedural Guidance for Class Action Settlements No. 1(e); *see also Custom LED, LLC v. eBay, Inc.*, 2013 WL 4552789, at *9 (N.D. Cal. Aug. 27, 2013) (denying preliminary approval without information "as to the class members' potential range of recovery"). Rather, they relied on an expert whose report from *Ezcurra* was *redacted* to remove sales data and damages calculations in Florida. Dkt. No. 35, Report at ¶¶ 3, 14, 28, 29, 31, 34. The "price premium" theory is already steeply discounted from the refund theory advanced elsewhere, including by Gilmore in Oregon. According to Monsanto, sales were "over $52 million" in Florida alone. *Ezcurra*, Case No. 9:20-cv-80524, Dkt. No. 1 (Notice of Remand) at ¶ 24. And *Gilmore* did not even seek punitive damages, greatly reducing settlement value.

*Tomlinson* plaintiffs moved to intervene in Delaware, attaching oppositions to the motions to enjoin and for preliminary approval (Dkt. Nos. 39–41, 41-1 & 41-2), which Monsanto and Gilmore's counsel opposed. Dkt. Nos. 46, 47, 54.

### E. The JPML Transferred *Gilmore* to this MDL.

On July 28, 2021, Brian Webb, plaintiff in *Webb v. Monsanto Co.*, No. 3:20-cv-05624-VC, moved to transfer *Gilmore* to this MDL. JPML Dkt. No. 2400. *Tomlinson* plaintiffs filed a brief in support. JPML Dkt. No. 2436. On October 8, 2021, the JPML ordered transfer, finding that: *Gilmore* involves common questions with other actions in the MDL; transfer "will serve the convenience of parties and witnesses and will promote the just and efficient conduct of such actions;" and this Court has great familiarity with Roundup litigation and past settlement attempts whereas the Delaware Court does not. Dkt. No. 65 at 2–3.

Monsanto and *Gilmore* plaintiffs seek a suggestion of remand. *Tomlinson* plaintiffs seek intervention to oppose that request and participate in the remand hearing.

## ARGUMENT

### A. Criteria for Intervention as of Right Are Satisfied.

Under Rule 24(a)(2), *Tomlinson* plaintiffs are entitled to intervene as a matter of right to protect their rights and interests, and those of the class they represent. Such intervention is proper when: (1) the motion is timely; (2) there is a significantly protectable interest relating to the property or transaction which is subject of the action; (3) they are so situated that disposition may as a practical matter impair or impede ability to protect that interest; and (4) their interest is inadequately represented by parties to the action. *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011). This Court "should construe the Rule broadly in favor" of intervention. *Id*. at 1179 (internal quotation marks omitted); *accord Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016). *Tomlinson* plaintiffs satisfy each requirement.

### 1.  *Tomlinson* **plaintiffs' application is timely.**

To determine timeliness, the court considers: (1) whether the parties would be prejudiced; (2) the stage of the proceedings; and (3) reason for any delay in moving to intervene. *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004). Prejudice, the most important factor, is measured by the time between when *Tomlinson* plaintiffs should have known their interest would not be adequately protected and when they acted.[7] *Foundation Auto Holdings, LLC v. Weber Motors, Fresno, Inc.*, 2021 WL 5822933, at *4 (E.D. Cal. Dec. 8, 2021) (citing *Smith*, 830 F.3d at 857); *see also League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1304-05 (9th Cir. 1997). Here, that amount of time is negligible. After transfer, Monsanto and *Gilmore* plaintiffs proposed a briefing schedule for a revised preliminary approval motion. Dkt. Nos. 67, 68. After a case management conference on November 10, 2021, they withdrew that proposal (Dkt. No. 14198) and instead moved for suggestion of remand on November 30. Dkt. No. 70. This motion comes within the 14-day due date for opposition to motions. *Tomlinson* plaintiffs "acted promptly" and there was no delay. *See Foundation*, 2021 WL 5822933, at *4. In terms of stage of proceedings, the MDL itself has been proceeding for some time but no action has been taken on *Gilmore* settlement approval. The *Gilmore* action itself is a procedurally nascent case with no discovery or other litigation activity unrelated to settlement. *See Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (holding motion timely when filed four months after complaint and two months after answer, but "before any hearings or rulings on substantive matters"); *Nat. Res. Defense Council v. McCarthy*, 2016 WL 6520170, at *3 (N.D. Cal. Nov. 3, 2016) (finding motion timely when filed before answer and "any substantive orders").

---

[7] The Court should not consider whether "including another party in the case might make resolution more difficult." *Foundation*, 2021 WL 5822933, at *4 (quoting *Smith*, 830 F.3d at 857) (cleaned up). In any event, *Tomlinson* plaintiffs have attached their suggestions on remand brief to reduce any potential delay in resolution. *See* Ex. 1.

7

### 2. *Tomlinson* plaintiffs have a significantly protectable interest that will be impeded without intervention.

Indisputably, *Tomlinson* plaintiffs have a significantly protectable interest in a lawsuit proposing settlement in which they are putative class members whose claims would, if approved, be released. Indeed, this Court has indicated that "members of a class, by their very nature, meet the first two requirements for intervention as a matter of right." *See Glass v. UBS Fin. Servs., Inc.*, 2007 WL 474936, at *9, n.1 (N.D. Cal. Jan. 17, 2007); *see also Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1405 n.1 (9th Cir. 1989). Even were the focus narrowed to the motion for suggestion of remand, *Tomlinson* plaintiffs' protectable interest remains as this Court has greatest familiarity with Roundup litigation and related matters bearing on whether the settlement is fair, reasonable and adequate. *See, e.g., Friant Water Auth. v. Jewell*, 2014 WL 5325352, at *5 (E.D. Cal. Oct. 17, 2014) (finding legitimate interest in connection with motion to transfer as movant would be presenting argument to a court with less experience in subject matter of action). "[I]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (quoting Fed .R. Civ. P. 24 advisory committee notes).

### 3. *Tomlinson* plaintiffs' interests are not adequately represented.

"[T]he burden of showing inadequacy is 'minimal,' and the applicant need only show that representation of its interests by existing parties 'may be' inadequate. *Berg*, 268 F.3d at 823 (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972)). "Any doubt" on adequacy of representation "should be resolved in favor of intervention." *California Dump Truck Owners Ass'n v. Nichols*, 275 F.R.D. 303, 307 (E.D. Cal. 2011). "[The focus should be on the subject of the action, not just the particular issues before the court at the time of the motion." *Berg*, 268 F.3d at 823 (internal quotations and citation omitted).

*Tomlinson* plaintiffs are adverse to the proposed settlement and adverse to remand. They do not have the same objective as Monsanto or *Gilmore* plaintiffs in approving a *de minimus* settlement neither adequate nor fair. Courts also consider whether present parties "will undoubtedly make" the proposed intervenor's arguments. *Id.* at 822; *S. California Healthcare Sys., Inc. v. City of Culver City*, 2021 WL 4817846, at *1 (C.D. Cal. July 26, 2021) (same). Neither Monsanto nor *Gilmore* plaintiffs are going to do that. Monsanto is an adversary in *Tomlinson* plaintiffs' Missouri action. *Gilmore* plaintiffs and counsel stand to disproportionately benefit from the proposed settlement. They also want a return to Delaware whereas *Tomlinson* plaintiffs, who supported transfer, do not. Hearing *Tomlinson* plaintiffs' perspective "can only help the Court make an informed decision[.]" *Arena v. Intuit Inc.*, 2020 WL 7342716, at *1 (N.D. Cal. Dec. 14, 2020); *see also Cullan & Cullan LLC v. M-Qube, Inc.*, 2014 WL 347034, at *8 (D. Neb. Jan. 30, 2014) (granting intervention to object to proposed class action settlement).

**B.     Criteria for Permissive Intervention Are Satisfied.**

This Court also can grant permissive intervention under Rule 24(b)(1), which is committed to its sound discretion. *N. Am. Meat Inst. v. Becerra*, 420 F. Supp. 3d 1014, 1020 (C.D. Cal. 2019). Permissive intervention usually requires: "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1253 (9th Cir. 2013). The Court also considers whether intervention "will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The intervention motion was timely and there is no delay or prejudice for reasons already addressed. And an independent jurisdictional basis is not required where proposed "intervenors do not seek to litigate a claim on the merits." *California Parents for Equalization of Educ. Materials v. Torlakson*, 2018 WL 3930141, at *5 (N.D. Cal. Aug. 16, 2018). *Tomlinson* plaintiffs propose that the Court not issue a

9

suggestion of remand, a "power which it already ha[s]," rather than "rule on additional claims." *Barnes v. JFK Mem'l Hosp., Inc.*, 2018 WL 10911887, at *2 (C.D. Cal. July 31, 2018). Accordingly, further analysis on this element is unnecessary. Finally, *Tomlinson* plaintiffs' claims involve questions of law and fact in common with the *Gilmore* action. This element is afforded "considerable breadth." *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1047 (D.C. Cir. 1998). Both cases arise out of Monsanto's misrepresentations and omissions regarding Roundup's risks and consumers' resulting damage. This is more than sufficient. *E.g., Hilsley v. Gen. Mills, Inc.*, 2021 WL 2290782, at *7 (S.D. Cal. June 4, 2021) (permitting intervention where actions involved, among other things, same defendants, same products, and same false advertising contention); *Ceja-Corona v. CVS Pharmacy, Inc.*, No. 1:12-CV-01868-AWI, 2014 WL 792132, at *2 (E.D. Cal. Feb. 26, 2014) (permitting intervention where "allegations and claims are largely identical"). The Court is well within its discretion to permit intervention.

## CONCLUSION

*Tomlinson* plaintiffs' respectfully request intervention as well as participation in the January 6, 2022, hearing on the motion for suggestion of remand.

Dated: December 14, 2021               Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

/s/ *Patrick J. Stueve*
Patrick J. Stueve, Mo. Bar #37682
Todd E. Hilton, Mo. Bar #51388
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
stueve@stuevesiegel.com
hilton@stuevesiegel.com

**GRAY, RITTER & GRAHAM, P.C.**
Don M. Downing, Mo. Bar #30405
Gretchen Garrison, Mo. Bar #33963
Cort A. VanOstran, Mo. Bar #67276
701 Market Street, Suite 800
St. Louis, Missouri 63101
Telephone: (314) 241-5620
ddowning@grgpc.com
ggarrison@grgpc.com
cvanostran@grgpc.com

*Attorneys for Proposed Intervenors*
*Ryan Tomlinson and Carol Richardson*