JOHN J. ROSENTHAL
Winston & Strawn LLP
jrosenthal@winston.com
1901 L Street NW
Washington, DC 20036
Tel: (202) 282-5000
Fax: (202) 282-5100

BRIAN STEKLOFF
Wilkinson Stekloff LLP
bstekloff@wilkinsonstekloff.com
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4030
Fax: (202) 847-4005

*Attorneys for Defendant* (*additional counsel listed on signature page*)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT GILMORE, et al., | MDL No. 2741 |
| Plaintiffs, | Case No. 3:21-cv-08159 |
| vs. | **OPPOSITION TO OBJECTORS LEONARD, CERVANTES, AND GODSEY'S MOTION FOR ATTORNEYS' FEES** |
| MONSANTO COMPANY, | |
| Defendant. | Date:   Jan. 12, 2023<br>Time:   2:30 p.m.<br>Place:  Via Zoom Webinar<br>Judge:  Hon. Vince G. Chhabria |

## INTRODUCTION

This Court should reject Objectors Leonard, Cervantes, and Godsey's ("Objectors") request that this Court award them more than $26,000 in attorney's fees and expenses for their unsuccessful objections to preliminary approval. The *only* arguments Objectors briefed in opposition to preliminary approval were that (1) the Settlement was collusive and (2) the Settlement's release was overbroad. The former was completely without basis, and the latter was inconsistent with the Settlement's plain language. The Court rejected both challenges. Dkt. No. 121 ¶¶ 3, 6.

Objectors' request is factually and legally unsupported and borders on being entirely frivolous. Objectors know, or should know, they are not entitled to fees for work that did not benefit Class Members. So rather than focus on their unsuccessful objections, they argue that they are responsible for "revisions to the proposed class notice." Mot. at 1. But Objectors' objection did not even address the proposed notice, as they admitted at the preliminary-approval hearing. Tr. of Apr. 14, 2022 Hr'g ("Tr."), Dkt. No. 127, at 20. ("[W]e did not brief the notice, we briefed predominantly on the settlement agreement itself."). The Court—not Objectors—independently raised the question of notice, the Parties proposed updated notice language (without input or briefing from Objectors), and the Court—not Objectors—then provided suggested revisions, which the Parties implemented. Tr. at 6; Dkt. Nos. 117–120. Objectors are not entitled to fees.

## FACTUAL AND PROCEDURAL BACKGROUND

Objectors opposed preliminary approval on two grounds: (1) the Settlement would release claims for personal injury and medical monitoring and (2) the agreement reflected alleged "collusion." Dkt. No. 105 at 9. Objectors proposed "corrective action," asking the Court to "define the release as solely releasing any and all claims for restitution or damages for the purchase price of the product." *Id.* at 12. Nowhere did Objectors mention notice.

At the preliminary-approval hearing, the Court—not Objectors—raised a concern with notice. Tr. at 8. The Court's concern was *not* the scope of the release. In fact, the Court expressly stated that it "underst[oo]d that, you know, this settlement does not release personal injury claims."

Tr. at 12.  Instead, the Court was concerned that the scope of the release needed to be "more front and center" in the notice materials.  *Id*. Objectors' counsel's only comment on this topic was that he "would share Your Honor's concern about notice," but he acknowledged that Objectors "did not brief the notice" and continued to argue that the Settlement's *release* was unclear.  Tr. at 19–20.

A week after the hearing, the Court issued an Order stating that it was "inclined to preliminarily approve the proposed class settlement" if the Parties revised the notice to make it clearer to Class Members that they would not be releasing personal-injury claims.  Dkt. No. 117. The Court therefore asked the Parties to submit revisions to the publication notice, class action settlement notice, claim forms, and social media.  *Id.*

Over the next two months, the Parties submitted proposed edits, the Court suggested further revisions, and the Parties ultimately agreed to the Court's proposed language.  Dkt. Nos. 118–120. Objectors did not participate in this process.

On June 21, 2022, the Court issued an order preliminarily approving the Settlement.  The Court rejected Objectors' arguments as to the release, finding that the release "is not overbroad, as it does not release any personal injury or medical monitoring claims."  Dkt. No. 121 ¶ 6.  The release language the Court approved was thus identical to the release language that Objectors took issue with in their briefing.  The Court also rejected Objectors' argument that the Settlement was collusive.  *Id.* ¶ 3.

Objectors' assertion that they incurred fees for a "successful opposition to the motion for preliminary settlement approval" (Mot. at 2) is thus patently wrong.  Nonetheless, Objectors now seek to recover $26,413.19 in fees for pursuing their unsuccessful objections.

## ARGUMENT

To be entitled to fees, objectors must show that they "substantially enhanced the benefits to the class under the settlement."  *In re HP Inkjet Printer Litig.*, 2011 WL 2462475, at *1 (N.D. Cal. June 20, 2011) (quoting *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002)). While this benefit does not have to be financial, "if an objector's actions have not produced a

monetary benefit for the class, the court must carefully scrutinize the benefits conferred to determine whether the objector has conferred more than a technical or coincidental benefit." *In re Leapfrog Enters.*, 2008 WL 5000208, at *2–3 (N.D. Cal. Nov. 21, 2008).  If any benefit is merely technical or coincidental, Objectors should not be awarded attorneys' fees. *Id.*

Here, Objectors did not confer *any* benefit on the Settlement Class.  Their briefing did not even *address* the adequacy of notice to the Settlement Class.  Instead, they argued that the release was overbroad because it could include personal-injury and medical-monitoring claims—an argument the Court explicitly rejected.  Dkt. No. 121 ¶ 6.  Courts regularly deny requests for fees for unsuccessful objections.  *See, e.g.*, *Rodriguez v. Disner*, 688 F.3d 645, 659 (9th Cir. 2012) (objectors "did not confer any material benefit on the class" when their objections were rejected); *In re HP*, 2011 WL 2462475, at *2 (rejecting application for attorney's fees where settlement was approved despite objector's objections); *Leapfrog*, 2008 WL 500208, at *3 (rejecting objectors' application for attorney's fees, as "the court ultimately rejected the objectors' argument").  The same result should obtain here.

At times, Objectors' Motion incorrectly suggests that they benefited the Settlement Class by securing changes to the *release*.  *See* Mot. at 2 (question presented is "whether in contributing to the revisions to the settlement's *release* language, they have conveyed a benefit on the class as a whole" (emphasis added)).  That is patently false.  The Parties did not revise the Settlement's release language after the Motion for Preliminary Approval, much less because of Objectors' arguments.  And to the extent that Objectors seek to conflate their objection to the release with an objection to the notice, that is foreclosed by both their own prior admission that they "did not brief the notice" and directly analogous case law.  *Fleury v. Richemont N. Am., Inc.*, 2008 WL 4829868, at *8 (N.D. Cal. Nov. 4, 2008) (objection that release was overbroad did not confer any benefit on class—even though the Court ultimately required clarifying language in the class notice—because the "objections did not result in any material change to the scope of the releases effectuated by the final settlement agreement").

3

Objectors' reliance on *Reynolds v. Beneficial National Bank*, 288 F.3d 277, 288 (7th Cir. 2002) is misplaced.  They cite *Reynolds* for the proposition that they can be awarded fees "[e]ven if it were argued that the Court would have required the changes to the settlement's notice provisions with [] Objectors' participation."  Mot. at 4.  But this case is not analogous to *Reynolds*. There, the objectors had *successfully* objected to a reversionary provision in the settlement agreement, but the district court held they were not entitled to fees because "the court had already decided, without telling anybody, not to accept the reversion."  288 F.3d at 288.  Objectors here have not successfully raised *any* issues.

This case is more like *Rose v. Bank of America Corp.*, where the Court held that the objectors' request for attorney's fees was unwarranted because the Court did not rely on their arguments when issuing its decision.  2015 WL 2379562, at *7 (N.D. Cal. May 18, 2015). Similarly, here, it cannot be said that the Court relied on Objectors' arguments about the release, because it approved the release as written.  The Court independently held that notice to the class should be revised, but it raised this issue itself, not based on any argument by Objectors.  The Settlement Class plainly did not receive a "substantial benefit" from Objectors' unsuccessful and baseless arguments.

## **CONCLUSION**

Objectors did not benefit the Settlement Class.  They raised unsuccessful arguments that the Court rejected.  They are not entitled to fees, and the Court should deny their Motion.

Dated: November 28, 2022

By:     /s/ John J. Rosenthal

JOHN J. ROSENTHAL
Winston & Strawn LLP
jrosenthal@winston.com
1901 L Street NW
Washington, DC 20036

JEFF WILKERSON
Winston & Strawn LLP
jwilkerson@winston.com

4

300 S. Tryon Street, 16th Floor
Charlotte, NC 28202

SHAWN R. OBI
Winston & Strawn LLP
sobi@winston.com
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071

BRIAN STEKLOFF
Wilkinson Stekloff LLP
bstekloff@wilkinsonstekloff.com
2001 M Street NW, 10th Floor
Washington, DC 20036

RAKESH KILARU
Wilkinson Stekloff LLP
rkilaru@wilkinsonstekloff.com
2001 M Street NW, 10th Floor
Washington, DC 20036

*Counsel for Defendant*