John W. Raggio (SBN: 338261)
**FEARS NACHAWATI, PLLC**
5489 Blair Road
Dallas, Texas 75231
Telephone: (214) 890-0711
Facsimile: (214) 890-0712

*Counsel for Potential Class*
*Members/Objectors George Leonard,*
*Valentin Cervantes, and Patricia Godsey*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Scott Gilmore, et al. v. Monsanto Co.,*<br><br>Case No. 3:21-cv-08159 | **REPLY IN SUPPORT OF MOTION FOR OBJECTORS' ATTORNEYS' FEES**<br><br>Re: Dkt. No. 14486<br><br>Date: January 12, 2023<br>Time: 2:30 p.m.<br>Place: Via Zoom Webinar<br>Judge: Honorable Vince Chhabria |

Objectors George Leonard, Valentin Cervantes, and Patricia Godsey (collectively the "Leonard Objectors") submit this brief reply in support of their motion for objector attorneys' fees filed with the Court on November 14, 2022, Dkt. # 123, and to which Defendant the Monsanto Company responded on November 28, 2022. Dkt. # 128. For the following reasons, the Court should respectfully grant the Leonard Objectors' request for their reasonable attorney fees incurred in opposing the motion for preliminary settlement approval.

## ANALYSIS

In its response to the Leonard Objector's motion for attorneys' fees, Monsanto does not challenge either the reasonable number of hours incurred or the reasonable hourly rates of the attorneys and staff who worked on behalf of the Leonard Objectors to oppose preliminary approval of the settlement. There is also no dispute as to the relevant standard and controlling precedent guiding courts' analysis of requests for attorneys' fees incurred in objecting to proposed class-action settlements. The only issue in dispute is whether the Leonard Objectors conveyed a substantial benefit to the settlement class by contributing to the revisions to the settlement's notice. Because the Leonard Objectors raised the same issue as the Court, namely, that potential class members would decline to participate over concern that doing so would release more meritorious claims, the Court should respectfully grant the present motion for objector attorneys' fees.

To clarify an issue raised in Monsanto's response, the Leonard Objectors do not assert that their motion resulted in alterations to the settlement's release provisions. *See* Dkt. # 128, Def. Resp. at p. 4. While the Leonard Objectors' briefing largely focused on the settlement agreement's release language, the concern animating the Leonard Objectors' opposition and the Court's concerns raised at the hearing—which the Leonard Objectors joined, Dkt. #127 at pp. 19-20—were one and the same. As discussed in the Leonard Objectors' moving brief, and thus not

repeated here, their opposition principally centered on the concern that participating in the settlement would cause parties to release more meritorious claims than those compensated in the settlement. Dkt. # 123, Objectors Br. at pp. 6, 9. This was the same reason provided by the Court in requiring modifications to the notice:

> The release is not overbroad, as it does not release any personal injury or medical monitoring claims. However, as the Court has expressed previously, it is vital that consumers understand that this settlement does not affect their right to sue Monsanto based on any illness or injury they may suffer now or in the future as a result of using Roundup.

Dkt. # 121 at ¶¶ 6-7. As the Court's order granting preliminary approval makes clear, the concerns over the release and notice are not distinct, unrelated issues, but rather constitute two sides of the same coin. Thus, in contributing to the related clarifications to the settlement's notice, the Leonard Objectors conveyed a substantial benefit on the settlement class.

Next, Monsanto asserts that the Court should rely on *Fleury v. Richemont*, No. C-05-4525, 2008 WL 4829868 (N.D. Cal. Nov. 4, 2008), and *Rose v. Bank of America Corp.*, No. 5:11-cv-02390, 2015 WL 2379562 (N.D. Cal. May 18, 2015), but both cases are distinguishable on their facts and procedural deficiencies.

In *Fleury*, the motion for attorneys' fees was denied because it was untimely, and the court could not identify any independent basis on which to shift fees, especially where there was no common fund. 2008 WL 4829868 T * 1-2. Furthermore, not only did the plaintiff in *Fleury* provide no common benefit, the court found that he actively frustrated resolution of the settlement. "As a final point, it is worth noting that majority [sic] of Sacha Fleury's actions that were related to the supplemental notice were actually more of a hindrance than of a help . . . Second, and more important, there was inaccurate or misleading information in Sacha Fleury's papers." *Id*. at *11.

Here, Monsanto does not assert that the Leonard Objectors frustrated the settlement process in any way.

Similarly, in *Rose*, the objectors committed a number of procedural errors in addition to failing to demonstrate any substantial benefit to the class members. As noted by the court, counsel for the objectors in *Rose* did not participate in the approval hearing, and did not provide any supporting documentation to justify their incredibly high fee request ($393,311.24.) 2015 WL 2379562 at *2-3. Furthermore, in *Rose* the objectors admitted that the court did not rely on their rationale offered in opposition to the settlement, and otherwise rejected the arguments raised in their objections. *Id*. at *2. Based on these procedural and factual distinctions, *Fleury* and *Rose* are of limited utility to the question presently before the Court.

For all the reasons set forth in the Leonard Objectors' principal brief, because they benefited the settlement class by contributing to the revisions to the settlement's notice provision, the Court should respectfully grant them their attorneys' fees incurred solely in objecting to the motion for preliminary-settlement approval.

Dated: December 5, 2022

                Respectfully Submitted,

                */s/ John Raggio*
                John W. Raggio (SBN: 338261)
                jraggio@fnlawfirm.com
                N. Majed Nachawati (TX SBN: 24038319)
                mn@fnlawfirm.com
                S. Ann Saucer (LA SBN: 21368; TX: 00797885)
                asaucer@fnlawfirm.com
                Michael Gorwitz (MN SBN: 0400362)
                mgorwitz@fnlawfirm.com
                **FEARS NACHAWATI, PLLC**
                5489 Blair Road
                Dallas, Texas 75231

Telephone: (214) 890-0711
Facsimile: (214) 890-0712

*Counsel for Potential Class Members/Objectors George Leonard, Valentin Cervantes, and Patricia Godsey*

-5-

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of December 2022, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

>           */s/ John Raggio*
>           John W. Raggio (SBN: 338261)